## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT ELMORE

    Plaintiff,

v.                                             CASE NO.: 8:23-cv-1446

TERMINATING FLOORS, Inc., and
MARK H. STAPLETON, individually

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT ELMORE, (hereinafter "Mr. Elmore" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, TERMINATING FLOORS, INC., (hereinafter "TERMINATING FLOORS"), and MARK H. STAPLETON (hereinafter "Mr. Stapleton"), individually (collectively referred to as "Defendants"), and alleges:

## NATURE OF ACTION

1. This an action for unpaid minimum wage, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA"), and breach of contract/unpaid wages and attorneys' fees and costs under Section 448.08, Florida Statutes.

## JURISDICTION AND VENUE

2.This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3.Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because all events giving rise to these claims occurred within this judicial district and Defendants employed Plaintiff at a location within this judicial district.

## PARTIES

4.At all times material, Plaintiff, ROBERT ELMORE, was homeless. Mr. Elmore was an employee of Defendants. Specifically, Mr. Elmore worked as a Supervisor for Defendants.

5.Defendant, TERMINATING FLOORS, is a Florida Profit Corporation principally located at 950 Terrie Terrace, Fort Meade, in Polk County, Florida.

6.Defendant, MARK H. STAPLETON, is the owner of TERMINATING FLOORS and a resident of Hillsborough County, Florida.

## GENERAL ALLEGATIONS

7.At all times material, Defendant, TERMINATING FLOORS, was an "employer" subject to the requirements of the FLSA and other applicable law.

8.At all times material, Defendant, MARK H. STAPLETON, was an "employer" subject to the requirements of the FLSA and other applicable law.

9. At all times material, Plaintiff was an employee of Defendant, TERMINATING FLOORS, within the meaning of FLSA and other applicable law.

10. At all times material, Plaintiff was an employee of Defendant, MARK H. STAPLETON, within the meaning of FLSA and other applicable law.

11. At all times relevant to this action, the annual gross sales volume of TERMINATING FLOORS exceeded $500,000 in the year preceding nonpayment.

## FACTS

12. On February 23, 2023, TERMINATING FLOORS hired Mr. Elmore as a Supervisor.

13. TERMINATING FLOORS promised Mr. Elmore $75 per hour for each hour he worked.

14. On February 26, 2023, Mr. Elmore worked 3.33 hours at 128 S Westshore Blvd, Tampa, FL 33609 (hereinafter "the Westshore Property").

15. On that date, the business owner of the Westshore Property fired Mr. Elmore's TERMINATING FLOORS team from the job before it was completed.

16. TERMINATING FLOORS then failed to pay Mr. Elmore for the 3.33 hours he worked at the Westshore Property, which amounted to $249.75 in unpaid wages.

17. On February 28, 2023, TERMINATING FLOORS failed to pay Mr. Elmore again resulting in $225.00 in unpaid wages.

18. On March 2, 2023, Mark H. Stapleton, the owner of TERMINATING FLOORS, ordered Mr. Elmore to finish the job at the Westshore Property. Mr. Elmore worked for 6 hours without being paid, which amounted to $450.00 in unpaid wages.

19. On the same date, Mr. Stapleton stated that he would pay Mr. Elmore the following day for the time Mr. Elmore had spent working at the Westshore Property. Mr. Stapleton asked Mr. Elmore to meet him at a Dunkin' Donuts located at 1930 Dale Mabry Hwy at 2:00 p.m. the next day for the promised payment.

20. On March 3, 2023, Mr. Elmore arrived at the Dunkin' Donuts at 2:00 p.m., to accept payment but Mr. Stapleton never showed up.

21. On March 7, 2023, Mr. Stapleton told Mr. Elmore, "I'm going to make it right with you and make sure you get paid." Mr. Elmore then worked a job in Land O' Lakes from 6:00 a.m. to 5:00 p.m., an 11-hour shift, without being paid. This amounted to $825.00 in unpaid wages.

22. Mr. Stapleton never paid Mr. Elmore for the jobs listed herein.

23. During Mr. Elmore's employment with TERMINATING FLOORS, Mr. Elmore was not paid for a total of 23.33 hours worked, equaling $1,749.75 in unpaid wages.

24. Plaintiff has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
## Unpaid Minimum Wage under the FLSA
## (As to All Defendants)

25. Plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through twenty-four (24) above as if set forth fully herein.

26. At all relevant times, Defendants were an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

27. Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and while so employed, was engaged in commerce. 29 U.S.C. § 202(a) and 29 C.F.R. § 552.99.

28. Plaintiff was employed by Defendants within the three-year period immediately preceding the filing of this action.

29. Defendants agreed to pay Plaintiff on an hourly basis.

30. Defendants regularly employed Plaintiff to work but failed to compensate Plaintiff in accordance with the minimum wage provisions provided in the FLSA.

31. Defendants knew or should have known that Plaintiff was entitled to receive compensation at the minimum wage for all hours worked. Despite this fact, Defendants failed and refused to pay Plaintiff at the requisite minimum wage rate for all hours worked.

32. Defendants' actions complained of herein were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. § 216(b).

33. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff, ROBERT ELMORE, demands the following relief:

(a) That the Court find Defendants in violation of the FLSA;

(b) That the Court find Defendants' violation was willful;

(c) That the Court award Plaintiff compensation for unpaid wages referenced in this lawsuit and liquidated damages of an equal amount of the unpaid wages, in addition to penalties and interest on said award pursuant to 29 U.S.C. § 216;

(d) That the Court award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT II
## Unpaid Wages Under Florida Common Law
### (As to all Defendants)

34. Plaintiff, ROBERT ELMORE, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-four (24) as if set forth fully herein.

35. In addition to failing to pay Plaintiff minimum wage for all hours worked, Defendants failed to pay Plaintiff all wages owed to him. Specifically, Plaintiff was not paid for a total of 23.33 hours worked, equaling $1,749.75 in unpaid wages.

36. Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

37. Defendants failed to pay Plaintiff all wages owed to him.

38. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for the following:

   (a) A jury trial on all issues so triable;

   (b) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

   (c) Prejudgment interest;

  (d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

  (e) All such other relief as the Court deems just, equitable and appropriate.

## COUNT III
### Breach of Contract
### (As to all Defendants)

39. Plaintiff, ROBERT ELMORE, re-alleges and incorporates by reference the allegations set forth above in paragraph one (1) through twenty-four (24) as if set forth fully herein.

40. On February 23, 2023, Plaintiff and Defendants entered into an oral employment agreement to pay Plaintiff $75.00 per hour for all hours worked.

41. Plaintiff was not paid $1,749.75 for work he performed under that agreement.

42. Defendants breached the contract by not paying the wages owed to Plaintiff.

43. Defendants' breach caused Plaintiff to suffer damages in the form of unpaid wages.

44. Plaintiff has incurred attorney's fees and costs as a result of Defendants' refusal to pay wages owed in breach of this agreement.

**WHEREFORE**, Plaintiff demands compensatory damages for breach of contract in the amount of $1,749.75; attorney's fees and costs; and such other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all issues so triable.

Dated this 28th day of June, 2023.

        Respectfully submitted,

        */s/ Gary L. Printy, Jr., Esq*
        Gary L. Printy, Jr., Esq.
        Florida Bar No. 41956
        **PRINTY & PRINTY, P.A.**
        5407 N Florida Ave
        Tampa, Florida 33604
        Telephone (813) 434-0649
        Fax (813) 423-6543
        garyjr@printylawfirm.com
        ***Attorney for Plaintiff***